## YORDÁN *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 13.   Resuelto en Octubre 13, 1905.

resolvió por los fundamentos del caso No. 11 de *Yordán* v. *El Registrador de la Propiedad,* resuelto en Octubre 13, 1905.

### EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el abogado y notario don Luis L. Yordán Dávila contra resolución del Registrador de la Propiedad de Ponce, denegando la inscripción de una escritura hipotecaria.

*Resultando* que por escritura pública otorgada en Ponce en treinta de mayo último, ante el abogado y notario de la misma ciudad don Luis L. Yordán Dávila, éste, ac-

tuando además como otorgante, con el consentimiento de
su esposa doña Angela Pasarell y el otro compareciente
don Carlos Feliz Chardón y León, con el consentimiento
de la suya doña Isabel Palacios Pelletier; queriendo am-
pliar la garantía que tenían prestada á la sociedad anóni-
ma establecida en la misma ciudad de Ponce bajo la deno-
minación de "Crédito y ahorro Ponceño", como fiadores
solidarios que eran de D. Julio N. Chardón Rodríguez por
la suma de dos mil pesos que le había facilitado dicha
sociedad en calidad de préstamo, constituyeron á favor de
de ésta y por la expresada suma de dos mil pesos hipote-
ca voluntaria sobre un solar y una casa que les correspon-
dían respectivamente en propiedad, sitas ambas fincas en
la misma ciudad de Ponce; compareciendo al otorgamien-
de la escritura las esposas de los otorgantes, doña Angela
Pasarell y Pasarell y doña Isabel Palacios Pelletier, para
prestar su consentimiento con la hipoteca constituída por
sus respectivos esposos á favor de la sociedad "Crédito
y ahorro Ponceño", como así lo verificaron, consignán-
dolo en la escritura que suscribieron en unión de los de-
más comparecientes.

*Resultando* que presentada copia de dicha escritura
para su inscripción en el Registro de la Propiedad de
Ponce, le fué denegada por el Registtrador por el funda-
mento que expresa la nota puesta al pie de dicho docu-
mento, la que copiada á la letra dice así:

"*Denegada* la inscripción del docuemnto que precede, porque pres-
tando su consentimiento para la constitución de la hipoteca otor-
gada por el Notario autorizante, su esposa Doña Angela Pasarell
Pasarell, viene á quedar comprendido este documento en la prohi-
bición que establece el artículo 22 de la Ley del Notariado, cuya
infracción acarrea la nulidad del título, según el párrafo primero
del artículo 27 de la misma Ley; y tomada anotación por cuatro
meses, á los folios 119 y 87 vueltos de los tomos 107 y 86
de este Ayuntamiento, fincas 3075 triplicado y 3830, anotaciones
letras A, en las que he consignado el defecto subsanable de no acre-

ditarse las facultades del Director gerente para contratar á nombre del Crédito y Ahorro Ponceño.—Ponce y Junio 30, 1905.''

*Resultando* que contra esta nota ha interpuesto en tiempo el Notario don Luis L. Yordán Dávila el presen- recurso gubernativo, alegando:

*Primero* : que la prohibición contenida en el artículo 22 de la Ley del Notariado, no alcanza al recurrente y su esposa como otorgan- tes, siendo el que recurre el Notario autorizante del documento, toda vez que la escritura de que se trata, no contiene disposición á favor de ninguno de los otorgantes; lejos de eso, el recurrente y su esposa, otorgan fianza hipotecaria sobre una finca de su pro- piedad, es decir, que crean obligaciones en su contra, sin que nada les beneficie.

*Segundo* : porque ese artículo 22 de la Ley, que cita el Registrador de la Propiedad, es perfectamente armónico con el artículo 65 del Reglamento orgánico de dicha Ley, artículo invocado en la escri- tura de que se trata, el cual dispone que el Notario, cuando no establece más que obligaciones propias, puede ser también otorgan- te, con la antefirma por mí y ante mí, y en igual caso autorizar las obligaciones de sus parientes. Siendo así, que en la escritura de que se trata, se han guardado todos los preceptos del artículo 65 citado, y que en la misma sólo se establecen obligaciones en contra, claro y evidente resulta que dicha escritura es perfectamente váli- da y eficaz y no puede considerarse nula como caprichosamente afir- ma el Registrador de la Propiedad, ni comprendida, por consiguien- te, en el párrafo 1o. del artículo 27 de la Ley referida; y

*Tercero* : porque suponiendo nula dicha escritura en lo que se re- fiere al otorgante y su esposa, el Registrador debió inscribirla en cuanto á la fianza hipotecaria que en la misma constituye Don Car- los F. Chardón y León y su esposa, personas completamente extra- ñas al otorgante, y á pesar de lo cual denegó la inscripción, no obs- tante haberse solicitado, y pidiendo en su consecuencia, que se sirva revocar este Tribunal, en todas sus partes, la calificación hecha por el Registrador de la Propiedad de Ponce, ordenándole que practi- que á su costa la inscripción de la escritura referida, fecha 30 de mayo del corriente año, bajo el número 29, otorgada en el Protocolo del recurrente, por ser contraria á la Ley, la calificación que de la misma hiciera, según resulta de la nota denegatoria puesta al calce de la copia que se acompaña; y, toda vez que con esa dene-

gación se han ocasionado daños y perjuicios al recurrente, tanto estableciendo el presente recurso, cuanto en su prestigio profesional, imponerle como costas á dicho funcionario la cantidad de $50 para el pago del franqueo y gastos eventuales que se ocasionan al recurrente, como interesado con la interposición de este recurso, según todo lo acuerda la Ley citada de Marzo 1o. de 1902.''

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando* que con arreglo á los artículos 22 y 27 de la Ley Notarial vigente en esta Isla ''ningún Notario podrá autorizar contratos que contengan disposición en su favor, ó en que alguno de los otorgantes sea pariente suyo dentro del cuarto grado civil ó segundo de afinidad'' y ''serán nulos los instrumentos públicos que contengan alguna disposición á favor del Notario que los autoriza''.; y que en consonancia con los preceptos transcritos de la citada ley notarial, establece el artículo 65 del Reglamento de la misma ''que el Notario cuando no establezca más que obligaciones propias, puede ser también otorgante con la ante firma ''por mí y ante mí'', y en igual caso autorizar las obligaciones de sus parientes.''

*Considerando* que el acto de comparecer doña Angela Pasarell en la escritura de que se trata en el presente recurso para prestar su consentimiento á la hipoteca que trataba de constituir su esposo el Notario autorizante de dicha escritura en favor de la Sociedad anónima ''Crédito y ahorro Ponceño'', implica necesariamente una disposición á favor del referido Notario, puesto que sin el consentimiento de su esposa no hubiera podido otorgarla, con arreglo al artículo 1328 del Código Civil vigente; disposición comprendida, por consiguiente, en la prohibición que contiene el artículo 22 de la citada ley notarial, con tanto mayor motivo cuanto que inspirada dicha ley en el propósito de prevenir los fraudes en que puedan incurrir los notarios al autorizar las escrituras en que

intervengan como partes interesadas, no puede ocultarse que en obligaciones como la presente en que el marido y la mujer se obligan de mancomún en favor de un tercero, existe siempre el peligro de que el consentimiento de la mujer haya podido ser obtenido mediante cualquier género de sugestión ú otro medio reprobado empleados por el marido, lo que constituye precisamente uno de los abusos y fraudes que la ley ha querido evitar al establecer la prohibición que contiene el artículo 22 de la citada Ley Notarial.

*Considerando* que declarada nula dicha escritura por el artículo 27 número 1o. de la misma ley del notariado, adolece de un defecto insubsanable que impide en absoluto su inscripción en el Registro de Propiedad.

*Vistas* las disposiciones legales citadas.

*Se confirma* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura hipotecaria de que se trata en el presente recurso sin especial condenación de costas; y devuélvase al Registrador la escritura presentada con copia de la presente resolución á los efectos procedentes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras y Mac Leary y Wolf.